# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3582 | **DATE** | 9/13/2010 |
| **CASE TITLE** | BARBARA SOLEAU v. ILLINOIS DEPARTMENT OF TRANSPORTATION | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for reconsideration [78] of the order granting defendant's second motion *in limine* is denied. **SEE BELOW FOR DETAILS.**

*Suzanne B. Conlon*

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Barbara Soleau moves this court to reconsider its ruling to exclude evidence about the discipline and work history of Raymond Gennetti, the former Illinois Department of Transportation ("IDOT") employee who sexually harassed her. The ruling concluded that Gennetti's minor infractions are irrelevant to Soleau's hostile-environment claim and that his work history is not probative of the reasonableness of IDOT's response to Soleau's harassment complaints because sexual-harassment charges follow different procedures than rule violations.

Soleau argues she was surprised by the ruling, which she characterizes as based on relevancy under Federal Rule of Evidence 402, because IDOT cited only Rules 403 and 404(b) in its motion *in limine*. Had she realized that relevancy was at issue, she claims, she would have argued that the disciplinary letters are relevant to demonstrate IDOT's standard turnaround time for imposing discipline once a recommendation reaches the personnel office. She seeks to contrast IDOT's prompt discipline for Gennetti's minor infractions with IDOT's delay and eventual failure to discipline him for sexual harassment. She contends that without the benefit of this explanation, the court misconstrued her intended use of the evidence; she is not challenging the investigation, review, or decision of the Civil Rights Committee (the branch of IDOT responsible for investigating the harassment charges and recommending an outcome), which follows procedures specific to sexual-harassment complaints. Rather, she is challenging the committee's ten-month delay in passing on its recommendation and the personnel manager's later decision to table the proposed discipline altogether—decisions she contends can be compared to the process for minor rule infractions.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

An interlocutory ruling may be reconsidered at any time before entering final judgment. FED. R. CIV. P. 54(b); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987); *BP Amoco Chemical v. Flint Hills Res., LLC*, 489 F. Supp. 2d 853, 856 (N.D. Ill. 2007) (Moran, J.). A party may use a motion for reconsideration to bring any factual or legal misunderstandings to the court's attention, but the party may not rehash arguments that were already rejected or raise new facts or legal theories that could have been raised earlier. *Orange v. Burge*, 451 F. Supp. 2d 957, 960-61 (N.D. Ill. 2006) (Holderman, C.J.); *In re Oil Spill by "Amoco Cadiz"*, 794 F. Supp 261, 266-67 (N.D. Ill. 1992) (Norgle, J.).

Soleau had notice IDOT was arguing that Gennetti's discipline and work history had no relevant purpose other than to make him look bad and therefore should be excluded under Rule 404(b). It is Soleau's burden to explain how the evidence related to a matter in issue other than Gennetti's character. *See United States v. Stotler*, 591 F.3d 935, 941 (7th Cir. 2010) (explaining four-part test to determine whether evidence is admissible under Rule 404(b)). To that end, she argued that the evidence was relevant to show "IDOT's typical disciplinary response to rule infractions" and to provide a comparison to evaluate the reasonableness of IDOT's response to the sexual harassment. Soleau advances the same arguments now. Whether the court evaluates her arguments under Rule 402 or under the four-part test to determine the admissibility of Rule 404(b) evidence, the initial inquiry is the same and the outcome is unchanged. To be clear, how IDOT handled minor discipline in the past does not bear on it policies and procedures for a more serious charge with more serious consequences to the alleged offender, nor may a jury reasonably infer that the implementation of the proposed suspension without pay would have proceeded the same way as the letter of reprimands did.

*Suzanne B. Conlon*